# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ | ) | |
| **SUNTU WAGGEH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.** |
| **v.** | ) | **22-11800-FDS** |
| | ) | |
| **GUARDIAN LIFE INSURANCE** | ) | |
| **COMPANY OF AMERICA,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS

**SAYLOR, C.J.**

This is a dispute concerning the proceeds of a life-insurance policy. Plaintiff Suntu Waggeh contends that she is entitled to death benefits from a policy purchased by her husband, Alpha Sowe, several months before his death in 2019. She asserts that defendant Guardian Life Insurance Company of America wrongly denied her these benefits.

Defendant has moved to dismiss the complaint for failure to state a claim. Among other things, defendant asserts that the complaint is preempted by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*

For the following reasons, the motion to dismiss will be granted.

## I.    Background

### A.    Factual Background

The following facts, unless noted otherwise, are set forth as alleged in the complaint.

Suntu Waggeh is a resident of Lynn, Massachusetts. (Compl. ¶ 1).

Guardian Life Insurance Company of America is "a mutual life insurance company

providing a variety of insurance plans," including "a plan issued to [Waggeh's] deceased husband," Alpha Sowe.  (*Id.* ¶ 2).

In 2019, Sowe "completed an application for [a] life insurance [policy] through his employment with Berkshire Healthcare Systems, Inc." that was underwritten by Guardian.  (*Id.* ¶ 4).  Sowe had previously applied for a policy in 2017, but Guardian denied his application "in part due to his failure to obtain medical testing."  (*Id.* ¶ 7).  According to the complaint, Guardian approved Sowe's 2019 application "despite its failure to seek any further medical testing, examinations or make any further inquiries, [ ] despite its knowledge of his medical condition." (*Id.* ¶ 8).  Guardian issued the policy in 2019, at least several months before Sowe's death.  (*Id.* ¶¶ 5, 9).

Sowe died on July 28, 2019.  (*Id.* ¶ 2).  According to the complaint, "premiums were paid and the policy . . . remained in force . . . as of [his] death."  (*Id.* ¶ 6).

Following Sowe's death, Waggeh "filed a claim for benefits with [Guardian]."  (*Id.* ¶ 10). According to the complaint, Guardian "only offered a return of premiums and a partial payment on the $38,000 . . . benefit."  (*Id.* ¶ 11).  Guardian sent a letter to Waggeh denying her claim under the policy, and "fail[ed] to explain to [Waggeh] the steps it allegedly required [her] to undertake due to its contention of ERISA involvement."  (*Id.* ¶ 12).  Guardian denied Waggeh's claim because "[Sowe] had misrepresented his medical condition."  (*Id.* ¶ 13).  Guardian "continues to deny payment" on the policy.  (*Id.* ¶ 14).

### B.     Procedural Background

Waggeh filed a complaint in Massachusetts Superior Court on July 28, 2022.  The complaint asserts four counts:  "Declaration that Policy Is in Full Force and Effect" (Count 1), specific performance (Count 2), fraud (Count 3), and breach of contract under Mass. Gen. Laws ch. 93A, 176D (Count 4).

On October 21, 2022, Guardian removed the action to this court.

Guardian has moved to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.   Legal Standard

To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).  When determining whether a complaint satisfies that standard, a court must assume the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences. *See Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)).  Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Médico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

## III.   Analysis

Defendant contends that the claims asserted in the complaint, which are based on state law, are preempted by ERISA and therefore must be dismissed.  Plaintiff contends that her claims fall outside the scope of ERISA for two reasons.

The provisions of ERISA generally apply to "any employee benefit plan if it is established and maintained . . . by any employer engaged in commerce or in any industry or

activity affecting commerce." 29 U.S.C. § 1003(a). An "employee welfare benefit plan" is

> any plan, fund, or program which was . . . maintained by an employer . . . to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment.

29 U.S.C. § 1002(1). ERISA "supersede[s] any and all State laws as they . . . relate to any

employee benefit plan." 29 U.S.C. § 1144(a). ERISA is "the exclusive vehicle for actions by

ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits,"

and preempts state common-law causes of action that "pose an obstacle" to that exclusivity.

*Pilot Life Ins. v. Dedeaux*, 481 U.S. 41, 52 (1st Cir. 1987).

On its face, the complaint alleges facts that indicate that the life-insurance policy at issue

was part of an employee welfare benefit plan governed by ERISA. Sowe applied for the policy

through his employer, Berkshire Healthcare Systems. The policy's purpose was unquestionably

to provide benefits in the event of death. And the complaint is a civil action brought by a

beneficiary to "recover benefits due to [her] under the terms of [the] plan" and to "enforce [her]

rights under the terms of the plan." 29 U.S.C. § 1132 (codifying § 502(a) of ERISA). The state-

law claims therefore appear to be preempted by ERISA.

Plaintiff nonetheless contends that the claims fall outside the provisions of ERISA for

two reasons.

First, she contends that the life-insurance policy is exempt from ERISA under 29 C.F.R.

§ 2510.3-1(j). Section 2510.3-1(j) provides that § 1003(a)'s definition of "employee welfare

benefit plan" does not include "a group or group-type insurance program offered by an insurer to

employees," under which: (1) "[n]o contributions are made by an employer," (2) "[p]articipation

[in] the program is completely voluntary for employees," (3) "[t]he sole functions of the

employer . . . with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer," and (4) "[t]he employer . . . receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs."

Plaintiff contends that all four factors have been satisfied here. She asserts—without, however, citing to any facts alleged in the complaint—that Berkshire made no contributions to the plan; that Sowe's participation was voluntary; that Berkshire acted solely as a conduit between Sowe and Guardian; and that Berkshire received no consideration from Guardian in connection with the plan. Defendant responds that "[u]pon examination of the entire Plan it is [evident] that the four requirements of [§ 2510.3-1(j)] are satisfied." (Def.'s Mem. at 2). Defendant has not, however, provided a copy of the plan. Instead, it cites to an affidavit from Tricia Hillebrand, who serves as a manager of benefits administration at Integrius Healthcare (the successor to Berkshire). According to Hillebrand, Berkshire paid for benefits through the plan, including life insurance; served as the administrator of the plan; distributed plan information; collected premiums and employee data; and encouraged employees to participate in the plan. (Hillebrand Aff. ¶¶ 5, 14, 15, 16, 18-20, 21).

The Hillebrand affidavit is outside the pleadings and cannot be considered in support of the motion to dismiss. When "a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged . . . the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)." *Beddall v. State Street Bank & Tr. Co.*, 137 F.3d 12, 17 (1st Cir. 1998). Certainly, the complaint is linked to and

dependent upon both the life-insurance policy and the plan.  But neither party has provided a copy of either document.

In any event, it is plaintiff's burden to demonstrate that the complaint states a claim that is factually plausible.  The complaint does not contain any of the claimed factual assertions as to the roles of Berkshire and Guardian in the plan.  Accordingly, plaintiff has not established that the policy falls within the provisions of § 2510.3-1(j).

Second, plaintiff contends that the life-insurance benefit was a "payroll practice" under 29 C.F.R. § 2510.3-1(b).  Section 2510.3-1(b) provides that the definition of "employee welfare benefit plan" in § 1003(a) does not include "[p]ayment by an employer of compensation on account of work performed by an employee,"  "[p]ayment of an employee's normal compensation, out of the employer's general assets, on account of periods of time during which the employee is physically or mentally unable to perform his or her duties, or is otherwise absent for medical reasons," or "[p]ayment of an employee's normal compensation, out of the employer's general assets, on account of periods of time during which the employee . . . performs no duties."  29 C.F.R. § 2510.3-1(b)(1)-(b)(3).

Defendant argues that the life-insurance benefit is not a payroll practice because the promised benefit is a lump-sum payment to the decedent's beneficiary, not a payout of the decedent's normal compensation.  It again relies on the Hillebrand affidavit, which states that the policy offered a "death benefit" that was "funded by [a group policy] issued by [defendant]."  Hillebrand Aff. ¶¶ 8-9.  Again, at this stage, the Court cannot rely on the Hillebrand affidavit to assess competing allegations about the content of the relevant documents.  Again, however, it is plaintiff's burden to show that the complaint states a factually plausible claim upon which relief can be granted.  And there are no factual allegations in the complaint that suggest that the life-

insurance benefit falls within the provisions of 29 C.F.R. § 2510.3-1(b), and therefore outside the scope of ERISA.  The complaint only states that "the disability and voluntary life insurance policies are not part of an ERISA plan but instead are a mere payroll practice."  (Compl. ¶ 21).  That conclusory statement—without more—is insufficient to state a plausible basis for inferring that ERISA preemption does not apply.

In summary, the state-law claims alleged in the complaint are preempted by ERISA and therefore must be dismissed.  *See Carlo v. Reed Rolled Thread Die Co.*, 49 F.3d 790, 792 (1st Cir. 1995) (affirming dismissal of state-law claims that were preempted by ERISA).

## IV.   <u>Conclusion</u>

For the foregoing reasons, defendant's motion to dismiss is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated: July 6, 2023                                    Chief Judge, United States District Court